**Romeo ALEKSI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3366–AG.**

United States Court of Appeals,
Second Circuit.

March 30, 2006.

Russell Reid Abrutyn, Troy, Michigan, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Suzan Hill Ponzoli, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Romeo Aleksi, through counsel, petitions for review of the June 2, 2005 BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asy-

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues a brief decision adopting the reasoning of the IJ, this Court reviews the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ In this case, the adverse credibility finding was based primarily on apparent deficiencies in Aleksi's documents, rather than in his testimony. The IJ relied on the forensic examiner's findings that the birth certificate could not be authenticated, the political party and employment ID cards contained copies of the birth certificate picture, and the work ID was "probably" not what it purported to be.

Because of the suspicious nature of Aleksi's documents, the IJ also reasonably faulted Aleksi for failing to provide a corroborating statement from his father, when he did provide a considerably less probative statement from his uncle. The IJ's findings supporting the adverse credibility determination are therefore adequate.

■ This Court lacks jurisdiction to vacate the IJ's denial of asylum altogether because the IJ also based the denial on a discretionary determination, which Aleksi failed to challenge before the BIA. Under the strict exhaustion requirements of 8 U.S.C. § 1252(d)(1), a petitioner may not raise an issue or category of relief to this Court if he failed to raise before the BIA. *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004); *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003). Because Aleksi's arguments below were too generalized to alert the BIA that the IJ's discretionary determination was even an issue, this Court may not address that specific issue itself. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Therefore, we affirm the BIA's denial of asylum.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).